**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E Bettini, | No. CV-25-04876-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Mirabella, Kincaid, Frederick & Mirabella LLC, et al., | |
| Defendants. | |

Plaintiff David E. Bettini filed a complaint and two motions. Bettini's first motion requests permission to file documents electronically. (Doc. 3.) That request is granted. His second motion requests the court grant "reasonable accommodations under the Americans with Disabilities Act." (Doc. 4.) Bettini argues that under the ADA "[c]ourts are required to provide reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination." (Doc. 4 at 2.) Bettini then identifies the accommodations he believes necessary, such as the need for remote appearances. (Doc. 4 at 2.)

The ADA "requires state courts to make disability accommodations," but "does not apply to federal courts." *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). Despite the ADA not applying, "it has long been the policy of the Judicial Conference of the United States to attempt to accommodate individuals with disabilities in court proceedings." *Mapes v. Hatcher Real Est.*, No. 119CV02162JRSMJD, 2021 WL 5404626, at *5 (S.D. Ind. Feb. 4, 2021). Therefore, in appropriate circumstances accommodations are provided to litigants. Bettini's current request, however, is premature.

1   All of the accommodations Bettini seeks relate to in-court proceedings. (Doc. 4 at 2-3.) No

2   in-court proceedings are scheduled. If such proceedings are scheduled, Bettini may raise

3   his need for accommodations at that time.

4         **IT IS ORDERED** the Motion for Electronic Filing (Doc. 3) is **GRANTED**.

5   Plaintiff shall comply with all rules outlined in the District of Arizona's Case

6   Management/Electronic Case Filing Administrative Policies and Procedures Manual,

7   register as a subscriber to PACER (Public Access to Electronic Records) within five days

8   of the date of this Order, and comply with the privacy policy of the Judicial Conference of

9   the United States and E-Government Act of 2002. Any misuse of the ECF system will

10  result in immediate discontinuation of this privilege and disabling of the password assigned

11  to the party.

12        **IT IS FURTHER ORDERED** the Motion for Accommodations (Doc. 4) is

13  **DENIED WITHOUT PREJUDICE**.

14        **IT IS FURTHER ORDERED** as follows:

15                                                **Governing Rules**

16        Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S.

17  District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil

18  Procedure.

19                                        **Disclosure Statements**

20        Full compliance with Federal Rule of Civil Procedure 7.1 is required by plaintiff(s)

21  and defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a

22  disclosure statement identifying "any parent corporation and any publicly held corporation

23  owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where

24  jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement

25  identifying the citizenship of "every individual or entity whose citizenship is attributed to

26  that party." A Corporate Disclosure Statement form is available at

27  https://www.azd.uscourts.gov/forms/disclosure-statement.

28                                         **Service Deadline**

1    Service of the summons and complaint on each defendant located in the United

2  States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service

3  cannot occur within 90 days, a request for an extension may be filed *before* expiration of

4  the 90-day period. Any such request must set forth the reason why service has not been

5  accomplished and request a specific short additional period of time. If the court believes

6  your reason constitutes "good cause," it will authorize a brief additional period to

7  accomplish service.

8    Proof of service must be filed with the Clerk of Court, in the form of an affidavit,

9  promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply

10  with this requirement because absent proof of service, the court will have no way of

11  knowing that the complaint has been served.

12    This order serves as an express warning that the court will dismiss this action,

13  without further notice to plaintiff(s), with respect to any defendant that is not timely served.

14  *See* Fed. R. Civ. P. 4(m).

15                            **Forms of Papers**

16    The parties shall adhere to all of the requirements of Local Rule 7.1, including the

17  requirement that text and footnotes shall be no smaller than 13 point. Citations supporting

18  any textual proposition shall be included in the text, not in a footnote.

19    Notices of supplemental authority and responses to those notices are limited to 350

20  words excluding case captions and signature blocks.

21                            **Paper Courtesy Copies**

22    Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a)

23  pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or

24  stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that

25  will be opposed) and any responses or replies thereto shall be either postmarked and mailed

26  to the judge or hand-delivered to the judge's mailbox in the courthouse by the next business

27  day after the electronic filing. Do not attempt to deliver documents to the judge's chambers.

28  Courtesy copies should be double-sided and include the ECF-generated header at the top

1   of each page. Courtesy copies of documents too large for stapling must be submitted in

2   three-ring binders.

### Amending Pleadings

4           Before filing a motion for leave to amend a pleading, the party that wishes to amend

5   must seek the consent of the other parties in an attempt to file the amended pleading

6   pursuant to Local Rule 15.1(b). If any party is unwilling to consent, the motion for leave

7   to amend must indicate which party (or parties) will oppose the request. If a motion for

8   leave to amend a pleading fails to so indicate, the motion will be denied without prejudice

9   for failure to adhere to this order.

### Motions and Stipulations

11          Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s)

12  that permit the court to grant the requested relief. Requests for extensions of time must

13  include a brief explanation of why the extension is needed to help the court determine

14  whether there is good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

15          To ensure timely case processing, a party moving for an extension of time,

16  enlargement of page limitations, or leave to file a document under seal shall indicate in the

17  motion whether the non-movant opposes the request and intends to file a written response.

18  If such a motion does not so indicate, it may be denied for failure to comply with this order.

19          Motions and stipulations should be accompanied by proposed orders. A proposed

20  order is not necessary for motions that will require a reasoned analysis from the court, or

21  for stipulations requesting issuance of the court's standard protective order with no

22  amendments. These proposed orders must not be on letterhead or contain any information

23  identifying the party submitting the order, and they must set forth the relief requested rather

24  than incorporating the motion or stipulation by reference. *See also* Local Rule 7.1(b)(3).

25  Proposed   orders   must   be   emailed—in   Microsoft   Word   format   (*not*   PDF)—to

26  Lanham_Chambers@azd.uscourts.gov. The subject line of the email must include the case

27  name, case number, the words "proposed order for [name of motion]," and an indication

28  of whether the motion is opposed or unopposed if this is not otherwise apparent from the

1    name of the motion.

## Rule 12 Motions Are Discouraged

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

Multiple defendants represented by the same counsel may not file separate Rule 12 motions. Defendants represented by the same counsel who wish to file a Rule 12 motion must file a single joint motion that includes all arguments applicable to any defendant.

## Protective Orders

The court's standard protective order is available is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers. The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an

1    agreement or stipulation does not mean the court will automatically order that filings

2    containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp.,*

3    *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

### Motions to Seal

5    Local Rule 5.6 governs sealing of court records in unsealed civil actions. Every

6    motion to seal, including stipulations pursuant to Local Rule 5.6(d), must identify the legal

7    standard applicable to the document at issue and explain why the material sought to be

8    sealed meets that standard. The stringent "compelling reasons supported by specific factual

9    findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

10   1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more

11   than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

12   Merely noting that a document was designated confidential by a party will not satisfy any

13   applicable legal standard for sealing.

14   Where a party seeks to seal only certain portions of a given document, the

15   unredacted version of the document, which should be lodged under seal pursuant to Local

16   Rule 5.6(c), must include highlighting to indicate which portions of the document the party

17   seeks to redact.

### Emergencies and Expedited Consideration

19   Any party desiring expedited consideration of a motion or other matter pending

20   before the court may make such a request by filing a separate *Notice for Expedited*

21   *Consideration* accompanied by a certificate from counsel for the moving party or, if

22   unrepresented, the moving party. The certificate must set forth the following: 1) the facts

23   establishing the need for expedited resolution; 2) the dates of the imminent events pertinent

24   to the request; 3) whether the motion or request for expedited consideration could have

25   been filed earlier; and 4) when or how the moving party will provide notice to all other

26   parties and the other parties' positions on the motion. A request for expedited consideration

27   that is simply mentioned in the caption/title of the related filing will not be considered—a

28   separate notice and certificate must be filed.

**Requests to Reschedule Court Dates**

The court interprets Local Rule 7.3(b) as applying to requests to reschedule court dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the court at least three dates/times when all counsel are available for rescheduling purposes.

**Noncompliance**

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.").

**IT IS FURTHER ORDERED:**

1.      That plaintiff(s) must promptly serve a copy of this order on defendant(s) and file a notice of service with the Clerk of Court;

2.      That, unless the court orders otherwise, on **March 31, 2026** the Clerk of Court shall **terminate** without further notice any defendant in the United States that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 5th day of January, 2026.

_____
Honorable Krissa M. Lanham
United States District Judge

- 7 -